IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SABRINA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:12-cv-581-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Sabrina Smith, applied for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 405(g) & 1383(c)(3). Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 8). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.     ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-nine years old at the time of the ALJ's decision. Tr. 24. Plaintiff completed the tenth grade. Tr. 24. Plaintiff's past relevant work is "unskilled." Tr. 27. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since August 6, 2009, the application date." (Step 1) Tr. 23. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "fibromyalgia, lumbar radiculopathy, degenerative disc disease, mild lumbar canal stenosis, restless leg syndrome and anemia." *Id*. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) *Id*. Next, the ALJ found that Plaintiff has the RFC to perform light work with severe restrictions. *Id*. The ALJ then concluded that Plaintiff "is unable to perform any past relevant work." (Step 4) Tr. 27. At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 27-28. The ALJ identified the following occupations as examples: "bench assembler," "housekeeper," and "packer." Tr. 28. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, since August 6, 2009, the date the application was filed." *Id*.

## IV.    PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision:  (1) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to afford the proper weight to the medical opinion of Dr. Arnold, [Plaintiff's] treating physician, or consider the various factors in evaluating the opinion of a treating physician"; and (2) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to adequately consider the severity of [Plaintiff's] fibromyalgia."  Pl.'s Br. (Doc. 12) at 3-4.

## V.    DISCUSSION

### A.    *Whether the ALJ failed to afford the proper weight to the medical opinion of Dr. Arnold.*

Plaintiff argues that the ALJ erred in his treatment of Dr. Arnold's opinion.  Dr. Arnold was Plaintiff's treating physician, and Plaintiff argues that his opinion should have been given controlling weight.  Specifically, Plaintiff asserts that the ALJ failed to "apply the rules outlined by the regulations or Eleventh Circuit case law in evaluating the opinion of a treating physician."  Pl.'s Br. (Doc. 12) at 9.  Plaintiff properly cites to the applicable regulations:  "**An ALJ must give the opinion of a treating source controlling weight if he finds the opinion** 'well-supported by medically accepted clinical and laboratory diagnostic techniques' and '**not inconsistent with the other substantial evidence in [the] case record**.'"  *Id.* at 7 (emphasis added) (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).  Indeed, the ALJ did not give Dr. Arnold's opinions

6

controlling weight based on the inconsistency of the doctor's records and inconsistency with objective medical evidence in the record.  *See* Tr. 26.

Normally an ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary."  *See Phillips*, 357 F.3d at 1240.  "'[G]ood cause' exists when the:  (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id.* at 1240-41.  Further, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

Here, the ALJ's articulated "good cause" for the rejection of Dr. Arnold's opinion—that evidence supported a contrary finding and Dr. Arnold's opinion was inconsistent with his own treatment notes—is supported by substantial evidence.  In fact, the decision states, "The [ALJ] does not give controlling weight to Dr. Arnold's opinion because it is not only inconsistent with his own records but with the objective medical evidence in the record."  Tr. 26.  In the decision, the ALJ highlighted that Dr. Arnold's physical capacities evaluation of Plaintiff contained various restrictions, including that

7

Plaintiff could sit for only two hours in an eight-hour work day and stand or walk for four hours in an eight-hour work day. *Id.* Dr. Arnold also opined that Plaintiff "would likely miss work more than four days a month." *Id.* However, as the ALJ discussed in the decision, Plaintiff's most recent x-rays of the neck, shoulders, and spine were normal, as were Plaintiff's chest x-ray and EKG. *Id.* Further, although Plaintiff's most recent MRI revealed mild abnormalities, Dr. Arnold noted that "all examinations were normal." *Id.* Moreover, the ALJ explained in the decision that the records from Doctors Brooks, Williams and Malik supported the ALJ's finding that Plaintiff can perform work activity. *Id.* The ALJ's decision sets forth the similarities in each of these three doctors' opinions and states that "all of the examinations [of Plaintiff] have been essentially normal." *Id.* Thus, the ALJ articulated good cause and the court finds that the determination is supported by substantial evidence.

Plaintiff also argues that, "as the ALJ did not find Dr. Arnold's opinion was entitled to controlling weight, she then should have applied the various factors required." Pl.'s Br. (Doc. 12) at 9. Specifically, Plaintiff alleges that, in determining what weight to give Dr. Arnold's opinion, the ALJ failed to consider "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Id.* at 9-10. However, Plaintiff has not presented any law that requires the ALJ to expressly discuss each of these factors.

8

Further, the ALJ did expressly discuss the supportability of the opinion and inconsistency of the opinion with the record as a whole, as discussed above. Tr. 26. It is also clear from the decision that the ALJ did consider, at least to some extent, the length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship, as the ALJ's decision summarizes multiple occasions on which Plaintiff presented to Dr. Arnold for examination or treatment. Tr. 25.

The court has reviewed Dr. Arnold's opinion and agrees with the ALJ's determination to accord it considerably less weight. The opinion appears to be an outlier, unsupported by the other medical record of evidence, and inconsistent with the doctor's treatment notes. Accordingly, the court finds no error.

> **B.     *Whether the ALJ failed to adequately consider the severity of Plaintiff's fibromyalgia.***

Plaintiff argues that although the ALJ found that Plaintiff suffered from a severe impairment of fibromyalgia, "the ALJ failed to make any specific findings regarding [Plaintiff]'s tender points, pain or any other typical fibromyalgia symptoms or include any accommodating limitations in her RFC." Pl.'s Br. (Doc. 12) at 10. The court does not agree. In making the Step 2 determination, the ALJ found that Plaintiff had severe impairments, including fibromyalgia, lumbar radiculopathy, degenerative disc disease, mild lumbar canal stenosis, restless leg syndrome, and anemia. Tr. 23. The ALJ again considered the fibromyalgia when assessing the RFC. *See* Tr. 23-27. Specifically, the ALJ stated that,

9

> [Plaintiff] in documentation of record has alleged fibromyalgia, lumbar radiculopathy, degenerative disc disease, mild lumbar stenosis, restless leg syndrome and anemia as a basis of disability. The undersigned concluded that, while the record contains evidence of the existence of these impairments, the objectively demonstrable evidence of record fails to support that [Plaintiff] is as impaired as she has alleged.

Tr. 25.

To the extent that Plaintiff is arguing that the ALJ failed to properly consider Plaintiff's chronic pain, the court does not agree. Plaintiff's Brief explains that fibromyalgia can, in some cases, be a disabling condition and contains a list of citations to the record to support that Plaintiff experiences pain. Pl.'s Br. (Doc 12) at 10-14. However, the ALJ acknowledged that Plaintiff suffers from both fibromyalgia and pain. Tr. 23, 25, 27. Thus, the ALJ did consider Plaintiff's fibromyalgia and pain. Plaintiff's Brief fails to explain why Plaintiff is unable to complete light-level work with additional restrictions, as set out in the RFC. In other words, Plaintiff has failed to articulate what functions within the RFC her fibromyalgia precludes her from performing.

To the extent that Plaintiff is challenging the ALJ's determination of Plaintiff's credibility with respect to the limitations caused by her pain, the court does not agree. The ALJ has the discretion to assess such credibility, so long as the ALJ "clearly articulate[s] explicit and adequate reasons" for the credibility determination. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). Aside from the medical evidence that supported the ALJ's findings that Plaintiff can perform light work activity with additional restrictions, the ALJ also considered the

following: Plaintiff's daily activities, which include serving as the primary care giver for three children and completing housework (Tr. 26); Plaintiff's success "in maintaining control of her conditions and mitigating any accompanying symptomatology" through medication (Tr. 27); and Plaintiff's "overall lack of persistent and regular treatment" (Tr. 27). Thus, the court finds that the ALJ properly articulated the reasons for her assessment of Plaintiff's credibility with respect to Plaintiff's pain.

Finally, the ALJ did limit Plaintiff's RFC to accommodate Plaintiff's fibromyalgia and pain. The ALJ found that Plaintiff can only complete light work with additional limitations. Tr. 23, 27. The ALJ specifically acknowledged that "the unskilled element of the [RFC] is associated with [Plaintiff's] allegations of chronic pain." Tr. 27. Thus, the court finds no merit in Plaintiff's argument that the ALJ failed to consider Plaintiff's fibromyalgia and pain or include sufficient accommodating limitations when determining the RFC.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 7th day of November, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE